UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHRISTOPHER QUINN, TEIGNMOUTH HALL LLC,   Case No.: 2:20-cv-00358-GRG-SIL

                              Plaintiffs

                            -against-

CROSBY CAPITAL USA LLC, YONEL DEVICO, JOSEPH DERUSCIO, ANNA CARLEY, ASSET BASED LENDING, ABLI LLC, ABL 1 LLC, ABL ONE LLC, PAUL ULLMAN, KEVIN RODMAN, LAW OFFICE OF STEVEN RUBEL, et al.

                              Defendants.
-----------------------------------------------------------------------X

## DECLARATION OF SETH D. WEINBERG, ESQ. IN SUPPORT OF DEFENDANTS' ORDER TO SHOW CAUSE

I, Seth D. Weinberg, declare as follows:

1.      I am an attorney of the Bar of this Court and associated with Hasbani & Light, P.C., counsel for the defendants Crosby Capital USA, LLC, Port Jefferson, LLC, Bridge Lane NY, LLC, Yonel Devico, Joseph DeRuscio, and Anna Carley (collectively the "Defendants") in the above-captioned action (the "Action"). I am fully familiar with the facts set forth herein. I am not a party to this action. I submit this Declaration in Support of Defendants' Order to Show Cause seeking an order striking the Notice of Pendency from the public record and permitting the transfer of the property known as 21 Bridge Lane, Port Jefferson, New York 11777 (the "Property")

2.      On October 16, 2014, Teignmouth Hall, LLC ("Teignmouth") executed a note in favor of ABL One, LLC ("ABL One") in the sum of $742,000.00 (the "Note") to memorialize that indebtedness in favor of ABL One, LLC. The Note had an initial interest rate of 12.00% per annum, payable in successive monthly installments of $4,220.00, due and payable on the first day of each month commencing December 1, 2014 and the final payment to be made November 1, 2015. A

1

copy of the Complaint from the 2015 Foreclosure Action (the "2015 Foreclosure Complaint") containing a copy of the Note is attached hereto as **Exhibit A**. A copy of the Note is annexed to **Exhibit A** as **Exhibit A**.

3. To secure the payment obligation memorialized under the Note, on October 16, 2014, Teignmouth executed to ABL One a Building Loan Mortgage (the "Mortgage") and thereby mortgaged the Property as a collateral security for the Note. A copy of the Mortgage is annexed to the 2015 Foreclosure Complaint as **Exhibit B**. *See* **Exhibit A** at **Exhibit B**. The Mortgage was recorded in the Office of The Suffolk County Clerk on December 10, 2014 in Liber M00022547 at Page 850. *See id.* The Note and Mortgage shall comprise the "Loan."

4. As further security for the indebtedness of Teignmouth, Christopher P. Quinn ("Quinn") executed a guaranty in favor of ABL One (the "Guaranty"). A copy of the Guaranty is annexed to the 2015 Foreclosure Complaint as **Exhibit C**. *See* **Exhibit A** at **Exhibit C**. The Guaranty states that in the event the Teignmouth default under the terms of the Note and Mortgage that Quinn will become responsible for all sums due and owing. *See id.*

5. Teignmouth defaulted under the terms of the Note and Mortgage on January 1, 2015. *See* **Exhibit A** ¶ 11. On April 9, 2015, ABL One, LLC commenced an action in the Supreme Court of the State of New York for Suffolk County entitled *ABL One, LLC v. Teignmouth Hall, LLC et al* under Index No.: 603713/2015 (the "Foreclosure Action"). *See* **Exhibit A**. After Teignmouth, Quinn and all other defendants in the Foreclosure Action failed to answer, ABL One obtained default judgment by the court order dated July 6, 2016. A copy of this order is annexed hereto as **Exhibit B**.

6. The Loan was subsequently assigned to Port Jefferson, LLC ("PJ") as memorialized by the Assignment of Mortgage dated November 25, 2015 and recorded in the Office of the Suffolk

County Clerk on January 21, 2016 in Liber 226569 at Page 519, which Mortgage was further assigned by the Corrective Assignment of Mortgage dated December 12, 2016. Copies of these Assignments of Mortgage are collectively annexed hereto as **Exhibit C**.

7. In the Foreclosure Action, on December 15, 2016, PJ as successor in interest to ABL One filed a motion seeking a judgment of foreclosure and sale. In response, on January 15, 2017, Quinn and Teignmouth, through counsel filed a cross-motion seeking to vacate their default in answering the complaint, permission to serve a late answer and a temporarily restraining and enjoining PJ as successor in interest to ABL One from continuing to prosecute the Foreclosure Action. By the Order dated April 13, 2017, the Supreme Court granted PJ as successor in interest to ABL One's motion for judgment of foreclosure and sale and denied Quinn and Teignmouth's cross-motion in its entirety. A copy of this order is annexed hereto as **Exhibit D**. PJ served notice of entry. A copy of the Notice of Entry is annexed hereto as **Exhibit E**. Quinn and Teignmouth filed a notice of appeal. A copy of the Notice of Appeal is annexed hereto as **Exhibit F**. Quinn and Teignmouth's time to perfect their appeal expired on November 19, 2017.

8. On May 19, 2017, PJ noticed a sale of the Property by auction to take place on June 30, 2017 (the "First Notice of Sale"). A copy of the First Notice of Sale is annexed hereto as **Exhibit G**. On June 30, 2017 at 9:17 AM Teignmouth filed for Chapter 11 Bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. A copy of the docket for this bankruptcy is annexed hereto as **Exhibit H**. The sale was cancelled to comply with the bankruptcy stay. Following the dismissal of the Chapter 11 Bankruptcy on November 30, 2017, PJ noticed a sale of the Property by auction to take place on January 5, 2018 (the "Second Notice of Sale"). A copy of the Second Notice of Sale is annexed hereto as **Exhibit I**.

9. On March 20, 2018, Quinn filed for Chapter 13 Bankruptcy protection. A copy of the docket from this bankruptcy is annexed hereto as **Exhibit J**. In order to comply with the mandatory stay, PJ could not sell the Property. On April 27, 2018, an order was issued lifting the automatic stay. A copy of this order is annexed hereto as **Exhibit K**. A sale of the property was again noticed (the "Third Notice of Sale"). A copy of the Third Notice of Sale is annexed hereto as **Exhibit L**. The sale of the Property was completed on June 7, 2018. A copy of the Referee's Report of Sale is annexed hereto as **Exhibit M**.

10. By the Order granted November 2, 2017, JP's petition seeking leave to institute an action against Quinn for a judgment concerning his personal guaranty was granted. A copy of this order is attached to the hereto as **Exhibit N**. The court granted a judgment dated September 25, 2018 in the amount of $907,673.85, together with interest in the amount of $50,730.55. A copy of this Judgment is annexed hereto as **Exhibit O**. Additionally, by the order dated September 26, 2018, the court entered a deficiency judgment order against Quinn and Teignmouth in the amount of $240,768.45. A copy of this Order is attached to hereto as **Exhibit P**.

11. At least two restitution judgment orders have been issued against Christopher P. Quinn (the "Restitution Judgments"). Copies of these Restitution Judgments are annexed to the hereto as **Exhibit Q**. These two Restitution Judgments alone total ninety six thousand dollars ($96,000.00). *See id.* Quinn was also arrested for allegedly running a fraudulent contracting business in Albany, Saratoga and Rensselaer counties.[1]

---

[1] A copy of this December 13, 2017 article from the Daily Gazette is available at https://dailygazette.com/article/2017/12/13/police-man-fraudulently-operated-in-3-counties-including-saratoga

12. By the Contract of Sale dated December 12, 2019, Bridge Lane NY LLC, the current owner of the Property agreed to sell the Property to William Raso. A copy of the Residential Contract of Sale is annexed hereto as **Exhibit R**.

13. Plaintiffs commenced the instant vindictive action by filing a complaint in the United States District Court for the Eastern District of New York on January 22, 2020. *See* Dkt No.: 1. A notice of pendency (the "Notice of Pendency") was improperly filed with the Suffolk County Clerk's Office on January 23, 2020. A copy of the Notice of Pendency is annexed hereto as **Exhibit S**.

14. The Notice of Pendency now acts as an unlawful impediment to the conveyance of clear title.

15. Defendants' instant order to show cause seeks an order striking the improper Notice of Pendency. Pursuant to 28 U.S.C. 1746(2), I declare under the penalty of perjury under the laws of the Unites States of America and the State of New York that the foregoing are true and correct.

Executed in New York, New York on the 3rd of April, 2020.

| | |
|---|---|
| Dated: April 3, 2020<br>New York, New York | **HASBANI & LIGHT, P.C.**<br><br>*/s/ Seth D. Weinberg*<br>Seth D. Weinberg<br>450 Seventh Avenue, Suite 1408<br>New York, New York 10123<br>Telephone: (212) 643-6677<br>Email: sweinberg@hasbanilight.com<br>*Counsel for Defendants Crosby Capital USA, LLC, Port Jefferson, LLC, Bridge Lane NY, LLC, Yonel Devico, Joseph DeRuscio, and Anna Carley* |